# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:05CR00021 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **THOMAS HAREL JENNINGS, II,** ) | By James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Thomas Harel Jennings, II, Pro Se Defendant.*

The defendant, Thomas Harel Jennings, II, who was sentenced by this court on November 1, 2005, has submitted an affidavit that I construe as a Motion for Reduction of Sentence pursuant to 18 U.S.C.A. § 3582(c) (West Supp. 2007). Upon review of the record, I must deny the motion.

Jennings asserts that he is entitled a reduction in his sentence because the United States Sentencing Commission issued Amendment 709 to the United States Sentencing Guidelines ("USSG"), effective November 1, 2007. This amendment altered the way that certain prior convictions may be counted in calculating a defendant's Criminal History Category. The applicable statute authorizes the court to modify a term of imprisonment

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)

> . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2).

A reduction of an existing sentence is consistent with Sentencing Commission policy only for guidelines amendments that are listed in USSG § 1B1.10.[1] Amendment 709 is not listed in section 1B1.10(c) and therefore cannot not be applied retroactively for a sentence reduction for Jennings, who was sentenced before the amendment. *See United States v. McHan*, 386 F.3d 620 (4th Cir. 2004) (citing *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("We agree with several of our sister circuits that have established the bright-line rule that amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely where expressly listed under § 1B1.10(c).*") (emphasis added). Therefore, a reduction of Jennings's sentence

---

[1] The applicable policy statement reads:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.*

USSG § 1B1.10(a) (emphasis added).

Case 1:05-cr-00021-JPJ   Document 56   Filed 01/11/08   Page 2 of 3   Pageid#: 146

based on Amendment 709 is not consistent with Sentencing Commission policy and is not authorized.

For the stated reasons, it is hereby **ORDERED** that the defendant's Motion for Reduction of Sentence is DENIED.

The Clerk will send a copy of this Opinion and Order to the defendant at his place of confinement.

ENTER: January 11, 2008

/s/ JAMES P. JONES
Chief United States District Judge

-3-

Case 1:05-cr-00021-JPJ   Document 56   Filed 01/11/08   Page 3 of 3   Pageid#: 147