# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:05CR00021 |
| v. | ) | **OPINION** |
| | ) | |
| THOMAS HAREL JENNINGS, II, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Thomas Harel Jennings, II, Pro Se Defendant.*

On November 1, 2005, I sentenced defendant Thomas Harel Jennings, II to 190 months' incarceration, and on June 7, 2007, I dismissed Jennings' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. *See Jennings v. United States*, No. 7:06CV00604, 2007 WL 1655259 at *12 (W.D. Va. June 7, 2007). More than seven years later, Jennings has filed a pro se motion captioned, "Defendant's Motion for Relief from Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)" (ECF No. 66). Because the claim raised in the Rule 60(b) motion is a new attack on the Judgment, I construe and dismiss the Rule 60(b) motion as a successive § 2255 motion.

A Rule 60(b) motion that seeks to remedy some defect in a prior collateral review process should be deemed a "proper" motion to reconsider. *United States v. Winestock*, 340 F. 3d 200, 207 (4th Cir. 2003). However, a Rule 60(b) motion

that seeks to add a new ground for collateral relief is in fact a second or successive collateral attack, regardless of how the motion is captioned. *Id.* at 206; *Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Jennings couches his claim in the Rule 60(b) motion as related to the disposition of the prior § 2255 motion. However, the record reveals that the claim is not related to the adjudication of the prior § 2255 motion.

Jennings presently argues that I erroneously applied a two-point enhancement to the United States Sentencing Guidelines ("U.S.S.G.") calculations by finding that he committed his crimes while on probation, pursuant to U.S.S.G. § 4A1.1(d). Although Jennings could have raised this claim in his prior § 2255 motion, he did not. *Cf. United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding a § 2255 motion is not successive where the claim did not exist at time of the first § 2255 motion). Instead, Jennings had challenged a two-point enhancement for an aggravating role in the offense, pursuant to U.S.S.G. § 3B1.1.[1]

Consequently, I find that the instant Rule 60(b) motion falls squarely within the class of motions that must be construed as a new § 2255 motion. Because Jennings fails to establish that the Court of Appeals for the Fourth Circuit has

---

[1] I dismissed all the claims presented in the § 2255 motion because they fell within the scope of a valid collateral-attack waiver. The Court of Appeals for the Fourth Circuit subsequently dismissed Jennings' appeal. *United States v. Jennings*, 252 F. App'x 540 (4th Cir. 2007) (unpublished).

authorized him to file a successive § 2255 motion, the construed § 2255 motion must be dismissed without prejudice as successive pursuant to 28 U.S.C. § 2255(h).

        DATED: April 6, 2015

        /s/ James P. Jones
        United States District Judge